# Weekly Abstract Of Pending Cases

### No. 711

FOSTORIA ELKS' HOME CO, v. PELTON et

#### No. 18793. Supreme Court

#### MOTION TO CERTIFY

Pending on motion for certification of record by Seneca Appeals, Docketed Sept., 1924. 2 Abs. 626.

**REAL ESTATE—Is title of purchaser not a party to partition proceedings among cotenants superior to easements asserted by parties thereto?**

The principal question involved in the case is whether the title to real estate conveyed by sheriff after public sale, in partition proceedings among cotenants, some of whom claim title by devise and others by purchase, to a person not a party to the proceeding, is superior to any easement, other than easement of strict necessity, that may be asserted by any of the parties to the partition proceedings, or their successors in title.

The question arises from the following state of facts: The Elks' Home Co. is the owner of a brick business block located at the corner of two streets, and the defendants are the owners of two business rooms, one of which adjoins the Elks' property on the south and the other adjoins it on the west, the two rooms together constitute on "L" shaped tract of land surrounding the Elks' property on the south and west. The properties now owned by plaintiff and defendants

were, about twenty years ago, owned by two persons as tenants in common. One of the tenants in common conveyed to the other tenant in common his interests in the south business room now owned by defendants and later conveyed to the other tenant in common his interest in the west business room, now owned by the defendants. In the conveyance of the west business room there was included in the description of the real estate conveyed the right to use of certain stairways, hallways, and toilets, located in the business room now owned by the Elks. The easements included in the description mentioned are the ones now claimed by the defendants in the Elks' property.

Several years subsequent to the last mentioned conveyance, the cotenant to whom the conveyance had been made died testate, and by his last will and testament devised his interests in the properties, now owned by plaintiffs and defendants, to certain of his relatives in specified shares. Shortly after the will was probated, two of the devisees brought action to partition the property, now owned by the Elks, no other property being involved in the proceedings, and all of the devisees of the deceased cotenant, who were then the owners of the business rooms now owned by the defendants, were made parties to the action, and the surviving original cotenant was also made a party. In the partition proceedings no mention was made of the real estate being subject to any easements and no pleadings were filed by any of the devisees in which any easements were asserted. A decree was taken in the partition proceedings and the property, now owned by the Elks, was afterwards sold at public sale in the partition proceedings to the surviving original cotenant and another person, who was not a party to proceedings. The purchasers of said partition sale, by mesne conveyances, afterwards conveyed the property, now owned by the plaintiffs, to the plaintiffs.

Shortly after the first partition action was brought, another action was brought to partition the business rooms now owned by the defendants and other property. In this partition proceedings, the description of real estate purported to include the easements now claimed by the defendants.

It is the contention of the Elks that whatever easements the deceased cotenant acquired through the conveyances from the cotenant first above mentioned, were either merged in the title conveyed or extinguished in the partition proceedings involving the property now owned by the Elks and that the title acquired by the purchasers in such partition proceedings and now owned by the Elks is superior to any claim of easement that could be made by any of the parties to said partition proceeding or by the defendants who are the successors in title.

The Court of Appeals did not decide the question mentioned but simply held that through the conveyances from the one cotenant to the other the grantee acquired the easements mentioned, and that the defendants, as the successors to title to such grantee, are entitled to such easements.

**Attorneys**—Chas. A. Guernsey and W. M. Witherspoon, for Elks' Home Co.; Ora R. Fade and Warren P. Dillon, for Pelton; all of Fostoria.